# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE    2. PLEASE TYPE OR PRINT    3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| CINDY M. O'PHARROW v. COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICER JOSEPH READ, in his individual and official capacity, POLICE OFFICER JOSEPH AQUILINA in his individual and official capacity, LIEUTENANT JASON MAGURNO, in his individual and | U.S. E.D.N.Y. | Sanket J. Bulsara |
| | Date the Order or Judgment Appealed from was Entered on the Docket: July 8, 2026 | District Court Docket No.: DOCKET NO.: 22-CV-3773 |
| | Date the Notice of Appeal was Filed: July 29, 2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):** ☑ Plaintiff ☐ Defendant | Frederick K. Brewington<br>Law Offices of Frederick K. Brewington<br>556 Peninsula Boulevard<br>Hempstead, NY 11550<br>516-489-6959 |
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☑ Defendant | Susan Flynn<br>Suffolk County Attorney's Office<br>H. Lee Dennison Building<br>100 Veterans Memorial Highway<br>P.O. Box 6100 |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| No | N/A | N/A | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☐ Diversity | ☑ Final Decision ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) ☐ Other (specify): ________ | ☐ Interlocutory Decision Appealable As of Right ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial | ☐ Default judgment | ☐ Dismissal/other jurisdiction | ☑ Damages: | ☑ Injunctions: |
| ☐ During trial | ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris. | ☐ Dismissal/merit | ☐ Sought: $ ______ | ☐ Preliminary |
| ☐ After trial | ☐ Dismissal/FRCP 12(b)(6) failure to state a claim | ☐ Judgment / Decision of the Court | ☐ Granted: $ ______ | ☐ Permanent |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ☑ Summary judgment | ☐ Denied: $ ______ | ☐ Denied |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Declaratory judgment | | |
| | | ☐ Jury verdict | | |
| | | ☐ Judgment NOV | | |
| | | ☐ Directed verdict | | |
| | | ☐ Other (specify): | | |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust | ☐ Communications | ☐ Freedom of Information Act | ☐ Admiralty/ Maritime | ☐ Admiralty/ Maritime | ☐ Civil Rights |
| ☐ Bankruptcy | ☐ Consumer Protection | ☐ Immigration | ☐ Assault / Defamation | ☐ Arbitration | ☐ Habeas Corpus |
| ☐ Banks/Banking | ☐ Copyright ☐ Patent | ☐ Labor | ☐ FELA | ☐ Commercial | ☐ Mandamus |
| ☑ Civil Rights | ☐ Trademark | ☐ OSHA | ☐ Products Liability | ☐ Employment | ☐ Parole |
| ☐ Commerce | ☐ Election | ☐ Securities | ☐ Other (Specify): | ☐ Insurance | ☐ Vacate Sentence |
| ☐ Energy | ☐ Soc. Security | ☐ Tax | | ☐ Negotiable Instruments | ☐ Other |
| ☐ Commodities | ☐ Environmental | | | ☐ Other Specify | |
| ☐ Other (specify): ____________ | | | | | |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv. | ☐ Arbitration | ☐ Yes ☐ No |
| ☐ Forfeiture/Penalty | ☐ Attorney Disqualification | |
| ☐ Real Property | ☐ Class Action | Will appeal raise a matter of first impression? |
| ☐ Treaty (specify): ________________ | ☐ Counsel Fees | |
| ☐ Other (specify): ________________ | ☐ Shareholder Derivative | ☐ Yes ☐ No |
| | ☐ Transfer | |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ________________________________ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: Cindy O'Pharrow

Date: September 9, 2026 | Signature of Counsel of Record: /s/Frederick K. Brewington

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# ADDENDUM A

**(1) Brief Description of the Nature of the Action**-

The action that was brought by Plaintiff, Cindy O'Pharrow, is a police misconduct case based on the events of June 2021. In this case, Ms. O'Pharrow alleges that excessive and unreasonable force was used against her by Defendant Officers Read and Aquilina, which went unaddressed by Defendant Lieutenant Magurno, who was the superior officer on scene. In addition to the excessive force claims, Ms. O'Pharrow brought racial discrimination claims, due process claims, *Monell*, failure to intervene, and state law claims of: false arrest, negligence, assault, battery, and intentional or negligent infliction of emotional distress.

This action was commenced to secure protection of, and to redress the deprivation of rights secured and protected by, the United States Constitution, 42 U.S.C. § 1983, and New York State law providing for relief from the Defendants' unlawful actions and inactions.

This action also seeks to vindicate the rights of Plaintiff, a Black woman, who was subjected to wrongful actions and inactions by Defendants which violated her constitutional and New York state legal rights.

**(2) The Result Below-**

On July 6, 2026, Judge Bulsara dismissed the case by granting Defendants' motion for Summary Judgment.

**(3) A Copy of the Notice of Appeal and the Current Docket Sheet-** (See Attached)

**(4) A Copy of the Relevant Orders/Opinions-** (See Attached)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CINDY M. O'PHARROW,

Plaintiffs.

- against -

COUNTY OF SUFFOLK, et al.,

Defendants
-----------------------------------------------------------X

**<u>NOTICE OF APPEAL</u>**

**DOCKET NO.: 22-CV-3773 (SJB)(JMW)**

NOTICE IS HEREBY GIVEN, that Plaintiff, CINDY M. O'PHARROW, hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment rendered by the Eastern District of New York on July 8, 2026, disposing of all claims under Federal Rule of Civil Procedure ("Rule") 56.

Dated: Hempstead, New York
July 29, 2026

Respectfully submitted,

Frederick K. Brewington, Esq.
LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for the Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
516.489.6959

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

CINDY M. O'PHARROW,

Plaintiff,

- against -

COUNTY OF SUFFOLK, et al.,

Defendants.

---------------------------------------------------------X

**JUDGMENT**
CV 22-3773 (SJB) (JMW)

A Memorandum and Order of the Honorable Sanket J. Bulsara, United States District Judge, having been filed on July 6, 2026, granting Defendants' motion for summary judgment; dismissing the federal claims with prejudice; the Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are dismissed without prejudice; and directing the Clerk of Court to enter judgment and close the case, it is

**ORDERED AND ADJUDGED** that Plaintiff take nothing of Defendants; that Defendants' motion for summary judgment is granted; and that this case is closed.

Dated: July 8, 2026
Central Islip, New York

BRENNA B. MAHONEY
CLERK OF COURT

BY: /S/ GRISEL ORTIZ
DEPUTY CLERK

APPEAL,ACO

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:22-cv-03773-SJB-JMW

O'Pharrow v. County of Suffolk et al
Assigned to: Judge Sanket J. Bulsara
Referred to: Magistrate Judge James M. Wicks
Demand: $60,000,000
Cause: 42:1981 Civil Rights

Date Filed: 06/27/2022
Date Terminated: 07/08/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Cindy M. O'Pharrow** represented by

**Albert Darnell Manuel , III**
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempsead, NY 11550
516-489-6959
Fax: 516-489-6958
Email:
a.shamel.manuel@brewingtonlaw.com
*ATTORNEY TO BE NOTICED*

**Cobia Malik Powell**
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, NY 11550
516-489-6959
Fax: 516-489-6958
Email: cobia.powell@brewingtonlaw.com
*ATTORNEY TO BE NOTICED*

**Leah Elizabeth Jackson**
Nisar Law Group, P.C
Nisar Law Group, P.C.
60 East 42nd Street
Suit3 4600
10165
New York, NY 10165
646-755-9393
Email: ljackson@nisarlaw.com
*TERMINATED: 04/30/2024*
*ATTORNEY TO BE NOTICED*

**Frederick K. Brewington**
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, NY 11550
516-489-6959
Fax: 516-489-6958
Email: fred@brewingtonlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**County of Suffolk** represented by **Brian C Mitchell**
Davis and Ferber
1345 Motor Parkway
Islandia, NY 11749
631-543-2900
Email: bmitchell@davisferber.com
*TERMINATED: 02/09/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Callan Wright Tauster**
Supreme Court of New York, Nassau County
Hon. Paul Kenny
100 Supreme Court
Mineola, NY 11501
516-493-3165
Email: ctauster@nycourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christiana Stover McSloy**
Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
631-853-4049
Email: christiana.mcsloy@suffolkcountyny.gov
*TERMINATED: 12/18/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Suffolk County Police Department** represented by **Callan Wright Tauster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christiana Stover McSloy**
(See above for address)
*TERMINATED: 12/18/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Police Officer John Doe 1**
*in his individual and official capacity*
*TERMINATED: 04/03/2023*

**Defendant**

**Police Officer John Doe 2**
*in his individual and official capacity*
*TERMINATED: 04/03/2023*

**Defendant**

**Police Officer John Doe 3**
*in his individual and official capacity*
*TERMINATED: 04/03/2023*

**Defendant**

**Lieutenant John Doe**
*in his individual and official capacity*
*TERMINATED: 04/03/2023*

**Defendant**

**Police Officers John and Jane Does 1-8**
*in their individuarl and official capacities*

**Defendant**

**Police Officer Joseph Read**
*in his individual and official capacity*

represented by **Callan Wright Tauster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christiana Stover McSloy**
(See above for address)
*TERMINATED: 12/18/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Police Officer Joseph Aquilina**
*in his individual and official capacity*

represented by **Callan Wright Tauster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christiana Stover McSloy**
(See above for address)
*TERMINATED: 12/18/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lieutenant Jason Magurno**
*in his individual and official capacity*

represented by **Callan Wright Tauster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christiana Stover McSloy**
(See above for address)
*TERMINATED: 12/18/2024*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2022 | 1 | COMPLAINT against All Defendants Was the Disclosure Statement on Civil Cover Sheet completed -NO,, filed by Cindy M. O'Pharrow. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons) (Jakubowski, Laura) (Entered: 06/28/2022) |
| 06/27/2022 | | FILING FEE: $ 402, receipt number ANYEDC-15695930 (Jakubowski, Laura) (Entered: 06/28/2022) |
| 06/28/2022 | | Incorrect Case/Document/Entry Information. Corrected titles and spelling for John Doe Defendants to conform to the Complaint. Deleted Document Entry No. 1 (Complaint and Attachments) and re-entered as against all Defendants. (Jakubowski, Laura) (Entered: 06/28/2022) |
| 06/28/2022 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Jakubowski, Laura) (Entered: 06/28/2022) |
| 06/28/2022 | | Case Assigned to Judge Gary R. Brown and Magistrate Judge James M. Wicks. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Jakubowski, Laura) (Entered: 06/28/2022) |
| 06/28/2022 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that ***if*** all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent.** (Jakubowski, Laura) (Entered: 06/28/2022) |
| 06/28/2022 | 4 | Summons Issued as to County of Suffolk, Suffolk County Police Department. (Jakubowski, Laura) (Entered: 06/28/2022) |
| 07/26/2022 | 5 | SUMMONS Returned Executed by Cindy M. O'Pharrow. County of Suffolk served on 7/19/2022, answer due 8/9/2022; Suffolk County Police Department served on 7/19/2022, answer due 8/9/2022. (Attachments: # 1 Affidavit of Service) (Brewington, Frederick) (Entered: 07/26/2022) |
| 10/04/2022 | 6 | ANSWER to 1 Complaint by County of Suffolk. (Mitchell, Brian) (Entered: 10/04/2022) |
| 10/05/2022 | 7 | INITIAL CONFERENCE SCHEDULING ORDER: An initial conference via Zoom will be held November 3, 2022 at 9:30 AM before Magistrate Judge James M. Wicks. The Court will email the Zoom invitation closer to the conference date. All counsel must attend. Counsel are directed to complete the attached Proposed 26(f) Scheduling Order and electronically file same with the Court no later than October 27, 2022. Should the parties wish to adopt a plan for discovery different from the structure in the discovery worksheet, they may do so only if they file a letter explaining why such a plan is appropriate in this case. **THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.** So Ordered by Magistrate Judge James M. Wicks on 10/5/2022. (Attachments: # 1 Proposed Rule 26(f) Scheduling Order, # 2 JMW Individual Rules) (DF) (Entered: 10/05/2022) |

| | | |
|---|---|---|
| 10/26/2022 | 8 | Proposed Scheduling Order by Cindy M. O'Pharrow (Jackson, Leah) (Entered: 10/26/2022) |
| 10/26/2022 | | Case Reassigned to Judge Nina Morrison. Judge Gary R. Brown no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (AM) (Entered: 10/26/2022) |
| 10/30/2022 | 9 | NOTICE of Appearance by Leah Elizabeth Jackson on behalf of Cindy M. O'Pharrow (aty to be noticed) (Jackson, Leah) (Entered: 10/30/2022) |
| 11/02/2022 | 10 | NOTICE of Appearance by Leah Elizabeth Jackson on behalf of Cindy M. O'Pharrow (notification declined or already on case) (Jackson, Leah) (Entered: 11/02/2022) |
| 11/03/2022 | 11 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR INITIAL CONFERENCE. Counsel for Plaintiff: Leah Elizabeth Jackson. Counsel for Defendant: No Appearance. Initial Conference Hearing held on 11/3/2022 at 9:30 AM. Defendant's Counsel failed to appear. Following discussion with counsel and review of the submitted worksheet, the Court adopted a Scheduling Order which is attached at DE 12 . A Status Conference has been scheduled for April 4, 2023, at, 9:30 AM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. A Final Pretrial Conference has been scheduled for November 27, 2023, at 9:30 AM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. If Judge Nina Morrison requires one, a joint proposed pretrial order in compliance with Judge Morrison's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court. (FTR Log #9:44-9:47 (Video).) (DF) (Entered: 11/03/2022) |
| 11/03/2022 | 12 | SCHEDULING ORDER: Please See Order for Further Details. So Ordered by Magistrate Judge James M. Wicks on 11/3/2022. (DF) (Entered: 11/03/2022) |
| 12/07/2022 | 13 | NOTICE of Appearance by Cobia Malik Powell on behalf of Cindy M. O'Pharrow (aty to be noticed) (Powell, Cobia) (Entered: 12/07/2022) |
| 12/16/2022 | 14 | NOTICE of Appearance by Albert Darnell Manuel, III on behalf of Cindy M. O'Pharrow (aty to be noticed) (Manuel, Albert) (Entered: 12/16/2022) |
| 02/08/2023 | 15 | NOTICE of Appearance by Christiana Stover McSloy on behalf of County of Suffolk (aty to be noticed) (McSloy, Christiana) (Entered: 02/08/2023) |
| 02/08/2023 | 16 | MOTION to Withdraw as Attorney by County of Suffolk. (McSloy, Christiana) (Entered: 02/08/2023) |
| 02/09/2023 | | ORDER granting 16 Motion to Withdraw as Attorney. Attorney Brian C Mitchell terminated So Ordered by Magistrate Judge James M. Wicks on 2/9/2023. (MSH) (Entered: 02/09/2023) |
| 03/07/2023 | 17 | First MOTION for Extension of Time to Amend *Motion for Extension of Time to Amend Pleadings or Add Parties* by Cindy M. O'Pharrow. (Jackson, Leah) (Entered: 03/07/2023) |
| 03/08/2023 | | ORDER granting 17 Motion for Extension of Time to Amend. The deadline to amend pleadings, either by stipulation or motion, is hereby extended to and including March 31, 2023. All other dates and deadlines remain in place. So Ordered by Magistrate Judge James M. Wicks on 3/8/2023. (Wicks, James) (Entered: 03/08/2023) |

| | | |
|---|---|---|
| 03/29/2023 | | SCHEDULING ORDER: The parties contacted the Court and indicated that due to a scheduling conflict, they were not available for the Status Conference scheduled for April 4, 2023 at 9:30 AM. The Status Conference has been **CHANGED** to April 3, 2023 at 12:30 PM via the Court's Video Zoom. So Ordered by Magistrate Judge James M. Wicks on 3/29/2023. (DF) (Entered: 03/29/2023) |
| 03/31/2023 | 18 | MOTION to Approve Filing of Amended Complaint: AMENDED COMPLAINT *(Stipulation, Proposed Amended Complaint, Letter to Hon. Judge Wicks)* against All Defendants, filed by Cindy M. O'Pharrow. (Attachments: # 1 Letter to Hon. Judge Wicks, # 2 Proposed Amended Complaint) (Manuel, Albert) Modified on 4/3/2023 to change event type to Motion to Amend (DF). (Entered: 03/31/2023) |
| 04/03/2023 | | ORDER granting 18 Motion to Amend/Correct/Supplement. The Stipulation to Amend the Complaint is hereby granted and the caption of this case shall be deemed amended as set forth in the stipulation. The Amended Complaint is deemed filed as of 4/3/2023, with service to be effectuated upon defendants on or before 4/21/2023. So Ordered by Magistrate Judge James M. Wicks on 4/3/2023. (MSH) (Entered: 04/03/2023) |
| 04/03/2023 | 19 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE: Counsel for Plaintiff: Frederick K. Brewington, Leah Elizabeth Jackson. Counsel for Defendant: Christiana Stover McSloy. Status Conference held on 4/3/2023 at 12:30 PM. The parties advised the Court that depositions have yet to be scheduled, paper discovery is still incomplete, and the parties require an extension of time to complete fact depositions. The deadline to complete fact discovery is hereby extended to September 29, 2023. All other dates and deadlines are held in abeyance until the below scheduled status conference and will be addressed then. A Status Conference has been scheduled for July 31, 2023, at 4:00 PM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks Courtroom Deputy at (631) 712-5625. THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court. (FTR Log #12:31-12:39 (Video).) (DF) (Entered: 04/03/2023) |
| 04/03/2023 | 21 | AMENDED COMPLAINT against County of Suffolk, John and Jane Does 1-8, Suffolk County Police Department, Joseph Read, Joseph Aquilina, Jason Magurno, filed by Cindy M. O'Pharrow. (JC) (Entered: 04/21/2023) |
| 04/20/2023 | 20 | Proposed Summons. Re Order on Motion to Amend/Correct/Supplement, by Cindy M. O'Pharrow (Brewington, Frederick) (Entered: 04/20/2023) |
| 04/21/2023 | 22 | Summons Issued as to Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (JC) (Entered: 04/21/2023) |
| 04/28/2023 | 23 | SUMMONS Returned Executed by Cindy M. O'Pharrow. Joseph Aquilina served on 4/21/2023, answer due 5/12/2023; County of Suffolk served on 4/21/2023, answer due 5/12/2023; Jason Magurno served on 4/21/2023, answer due 5/12/2023; Joseph Read served on 4/21/2023, answer due 5/12/2023; Suffolk County Police Department served on 4/21/2023, answer due 5/12/2023. (Attachments: # 1 Affidavit of Service Suffolk County Police Department, # 2 Affidavit of Service Lt. Jason Magurno, # 3 Affidavit of Service P.O. Joseph Aqulina, # 4 Affidavit of Service P.O. Joseph Read) (Brewington, Frederick) (Entered: 04/28/2023) |

| | | |
|---|---|---|
| 05/10/2023 | 24 | ANSWER to 21 Amended Complaint by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (McSloy, Christiana) (Entered: 05/10/2023) |
| 07/31/2023 | 25 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. Counsel for Plaintiff: Cobia Malik Powell. Counsel for Defendant: Christiana Stover McSloy. Status Conference held on 7/31/2023 at 4:00 PM. Following discussion with counsel, the end date for fact discovery remains at **September 29, 2023**, and the following FINAL deadlines were set for the remainder of the case: (i) identification of case in chief experts and service of Rule 26 disclosures on or before **October 27, 2023**; (ii) identification of rebuttal experts and service of Rule 26 disclosures on or before **November 30, 2023**; (iii) close of expert discovery is **December 29, 2023**; and (iv) the final date to take the first step of dispositive motion practice, if any, shall be on or before **January 12, 2024**. A Final Pretrial Conference has been scheduled before the undersigned on **January 30, 2024 at 9:30 AM** via Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. If Judge Nina R. Morrison requires one, a joint proposed pretrial order ("JPTO") in compliance with Judge Morrison's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. If a motion for summary judgment is pending or pre-motion letter filed, then the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court. (FTR Log #4:01-4:06 (Video).) (DF) (Entered: 08/01/2023) |
| 08/30/2023 | 26 | NOTICE of Appearance by Callan Wright Tauster on behalf of Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department (aty to be noticed) (Tauster, Callan) (Entered: 08/30/2023) |
| 09/14/2023 | 27 | First MOTION for Extension of Time to Complete Discovery by Cindy M. O'Pharrow. (Jackson, Leah) (Entered: 09/14/2023) |
| 09/15/2023 | | ORDER denying 27 Motion for Extension of Time to Complete Discovery. The application is denied with leave to renew at the status conference set for September 22, 2023, at 10:30 AM before the undersigned via Zoom. So Ordered by Magistrate Judge James M. Wicks on 9/15/2023. (MSH) (Entered: 09/15/2023) |

| | | |
|---|---|---|
| 09/22/2023 | 28 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. Counsel for Plaintiff: Frederick K. Brewington. Counsel for Defendant: Christiana Stover McSloy. Status Conference held on 9/22/2023 at 10:30 AM. Following discussion with counsel, good cause exists to a limited extension of the fact discovery deadline, which is now extended to **November 10, 2023**. All other dates and deadlines are held in abeyance until the next Status Conference, which is scheduled for **November 13, 2023 at 11:30 AM** via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court. (FTR Log #10:31-10:36 (Video).) (DF) (Entered: 09/22/2023) |
| 11/08/2023 | | ORDER: The Final Pretrial Conference scheduled for November 27, 2023 at 9:30 AM (scheduled at the Initial Conference on November 3, 2022) is hereby **CANCELLED**. The Status Conference scheduled for **November 13, 2023 at 11:30 AM** via the Court's Video Zoom and the Final Pretrial Conference scheduled for **January 30, 2024 at 9:30 AM** via the Court's Video Zoom remain in place. So Ordered by Magistrate Judge James M. Wicks on 11/8/2023. (DF) (Entered: 11/08/2023) |
| 11/10/2023 | 29 | Letter *Status Update* by Cindy M. O'Pharrow (Jackson, Leah) (Entered: 11/10/2023) |
| 11/13/2023 | 30 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. Counsel for Plaintiff: Frederick K. Brewington, Leah Elizabeth Jackson. Counsel for Defendant: Callan Wright Tauster. Status Conference held on 11/13/2023 at 11:30 AM. The parties advised the Court of the status of this case. Following discussion with counsel, good cause exists to a limited extension of the fact discovery deadline for the purpose of taking one remaining witness deposition, which is now extended to **December 15, 2023**. The Court set the following additional deadlines: (i) Expert in Chief Discovery shall be completed on or before **January 19, 2024**; (ii) Rebuttals to the Expert in Chief Discovery are due on or before **February 19, 2024**; (iii) the end date of all expert discovery shall be on or before **March 18, 2024**; and (iv) the last date to take the first steps in summary judgment motion practice is **April 12, 2024**. All other dates and deadlines remain in place. The Final Pretrial Conference scheduled for January 30, 2024, has been **RESCHEDULED** to **May 13, 2024 at 11:00 AM** via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. A joint proposed pretrial order ("JPTO") in compliance with the Individual Practice Rules of the Hon. Nina R. Morrison, signed by counsel for each party, **must be filed on ECF at least five (5) business days prior to this conference**. If a motion for summary judgment is pending, the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court. (FTR Log #11:33-11:40 (Video).) (DF) (Entered: 11/13/2023) |
| 03/15/2024 | 31 | MOTION for Extension of Time to Complete Discovery by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Tauster, Callan) (Entered: 03/15/2024) |

| | | |
|---|---|---|
| 03/18/2024 | | ORDER granting 31 Motion for Extension of Time to Complete Discovery. Good cause having been shown (*see* ECF No. 31 ), discovery deadlines are extended as follows: (i) the end date of all expert discovery shall be on or before **May 17, 2024**; and (ii) the last date to take the first steps in summary judgment motion practice is **June 14, 2024**. The Final Pretrial Conference scheduled for May 13, 2024 at 11:00 AM has been **RESCHEDULED** to **July 12, 2024 at 10:30 AM** before the undersigned via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. A joint proposed pretrial order ("JPTO") in compliance with the Individual Practice Rules of the Hon. Nina R. Morrison, signed by counsel for each party, must be filed on ECF at least five (5) business days prior to this conference. If a motion for summary judgment is pending, the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. This will be the **FINAL** extension of discovery dates and deadlines. So Ordered by Magistrate Judge James M. Wicks on 3/18/2024. (DN) (Entered: 03/18/2024) |
| 04/29/2024 | 32 | MOTION to Withdraw as Attorney: Letter *Notice of Withdrawal of Leah E. Jackson, Esq.* by Cindy M. O'Pharrow (Brewington, Frederick) Modified on 4/30/2024 to change event type to Motion to Withdraw as Attorney (DF). (Entered: 04/29/2024) |
| 04/30/2024 | | ORDER granting 32 Motion to Withdraw as Attorney. Attorney Leah Elizabeth Jackson terminated. So Ordered by Magistrate Judge James M. Wicks on 4/30/2024. (DN) (Entered: 04/30/2024) |
| 05/08/2024 | 33 | MOTION for Extension of Time to Complete Discovery *for good cause* by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Tauster, Callan) (Entered: 05/08/2024) |
| 05/09/2024 | | ORDER granting 33 Motion for Extension of Time to Complete Discovery. Good cause having been shown (*see* ECF No. 33 ), discovery deadlines are extended as follows: (i) the end date of all expert discovery shall be on or before **July 17, 2024**, and (ii) the last date to take the first steps in summary judgment motion practice is **August 7, 2024**. The Final Pretrial Conference scheduled for July 12, 2024 at 10:30 AM has been **RESCHEDULED** to **August 28, 2024 at 10:30 AM** before the undersigned via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. A joint proposed pretrial order ("JPTO") in compliance with the Individual Practice Rules of the Hon. Nina R. Morrison, signed by counsel for each party, must be filed on ECF at least five (5) business days prior to this conference. If a motion for summary judgment is pending, the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. So Ordered by Magistrate Judge James M. Wicks on 5/9/2024. (DN) (Entered: 05/09/2024) |
| 07/12/2024 | 34 | MOTION for Extension of Time to Complete Discovery by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Tauster, Callan) (Entered: 07/12/2024) |
| 07/15/2024 | | ORDER granting 34 Motion for Extension of Time to Complete Discovery. Good cause having been shown (*see* ECF No. 34 ), discovery deadlines are extended as follows: (i) the end date of all expert discovery shall be on or before **September 17, 2024**, and (ii) the last date to take the first steps in summary judgment motion practice is **October 8, 2024**. The Final Pretrial Conference scheduled for August 28, 2024 at 10:30 AM before the undersigned via the Court's Video Zoom has been **RESCHEDULED** for **November 4, 2024 at 10:30 AM**. The Court will email the Zoom invitation closer to the conference date. |

| | | |
|---|---|---|
| | | This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. A joint proposed pretrial order ("JPTO") in compliance with the Individual Practice Rules of the Hon. Nina R. Morrison, signed by counsel for each party, must be filed on ECF at least five (5) business days prior to this conference. If a motion for summary judgment is pending, the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. So Ordered by Magistrate Judge James M. Wicks on 7/15/2024. (DN) (Entered: 07/15/2024) |
| 09/13/2024 | 35 | Second MOTION for Extension of Time to Complete Discovery *(Expert Discovery), with the consent of Defendants* by Cindy M. O'Pharrow. (Powell, Cobia) (Entered: 09/13/2024) |
| 09/15/2024 | | ORDER granting 35 Motion for Extension of Time to Complete Discovery. Good cause having been shown (*see* ECF No. 35 ), discovery deadlines are extended as follows: (i) the end date of all expert discovery shall be on or before **November 18, 2024**, and (ii) the last date to take the first steps in summary judgment motion practice is **December 2, 2024**. The Final Pretrial Conference scheduled for November 4, 2024 at 10:30 AM before the undersigned via the Court's Video Zoom has been **RESCHEDULED** for **December 20, 2024 at 11:00 AM**. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. A joint proposed pretrial order ("JPTO") in compliance with the Individual Practice Rules of the Hon. Nina R. Morrison, signed by counsel for each party, must be filed on ECF at least five (5) business days prior to this conference. If a motion for summary judgment is pending, the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. The parties are advised that any further requests for extensions of time to complete discovery must be made and addressed to District Judge Morrison. So Ordered by Magistrate Judge James M. Wicks on 9/15/2024. (DN) (Entered: 09/15/2024) |
| 11/15/2024 | 36 | MOTION for Extension of Time to Complete Discovery by County of Suffolk, Suffolk County Police Department, Joseph Read, Joseph Aquilina, Jason Magurno. (Tauster, Callan) (Entered: 11/15/2024) |
| 11/17/2024 | | ORDER denying 36 Motion for Extension of Time to Complete Discovery, ***without prejudice and with leave to renew*** at the upcoming Status Conference. The parties are directed to appear for an in-person Status Conference before the undersigned on **November 25, 2024 at 9:30 AM** in Courtroom 1020. So Ordered by Magistrate Judge James M. Wicks on 11/17/2024. (DN) (Entered: 11/17/2024) |
| 11/18/2024 | 37 | MOTION to Adjourn Conference by County of Suffolk, Suffolk County Police Department, Joseph Read, Joseph Aquilina, Jason Magurno. (Tauster, Callan) (Entered: 11/18/2024) |
| 11/19/2024 | | ORDER granting 37 Motion to Adjourn Conference. The in-person Status Conference before the undersigned set for November 25, 2024 at 9:30 AM in Courtroom 1020 is hereby **RESCHEDULED** for **December 12, 2024 at 9:30 AM** and **CONVERTED** to a Zoom Conference. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. So Ordered by Magistrate Judge James M. Wicks on 11/19/2024. (DN) (Entered: 11/19/2024) |
| 12/09/2024 | | ORDER. Due to a conflict in the Court's calendar, the Status Conference set for December 12, 2024 at 9:30 AM via the Court's Video Zoom is hereby **RESCHEDULED** for **December 13, 2024 at 12:30 PM**. The Court will email the Zoom invitation. This conference is a public proceeding, and all are welcome to attend via telephone or via video. |

| | | |
|---|---|---|
| | | If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. So Ordered by Magistrate Judge James M. Wicks on 12/9/2024. (DN) (Entered: 12/09/2024) |
| 12/10/2024 | 38 | MOTION to Adjourn Conference by County of Suffolk, Suffolk County Police Department, Joseph Read, Joseph Aquilina, Jason Magurno. (Tauster, Callan) (Entered: 12/10/2024) |
| 12/10/2024 | | ORDER granting 38 Motion to Adjourn Conference. Conference is rescheduled to December 16, 2024 at 9:00am by Zoom. So Ordered by Magistrate Judge James M. Wicks on 12/10/2024. (Wicks, James) (Entered: 12/10/2024) |
| 12/16/2024 | 39 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE: Counsel for Plaintiff: Frederick K. Brewington. Counsel for Defendant: Callan Wright Tauster. Status Conference held on 12/16/2024 at 9:00 AM. The parties advised the Court of the status of this case. The end date of all discovery, including expert discovery, shall be on or before **January 17, 2025**. The last date to take the first steps towards summary judgment motion practice shall be on or before **February 7, 2025**. Any further requests for extensions of these deadlines must be made and addressed to the Hon. Nina R. Morrison. The Final Pretrial Conference set for **December 20, 2024 at 11:00 AM** is hereby **RESCHEDULED** for **March 7, 2025 at 9:30 AM** via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge Wicks' Courtroom Deputy at (631) 712-5625. **Parties shall comply with Judge Wicks' Individual Rules regarding Expectations for Remote Appearances (Rule §1E)**. A joint proposed pretrial order ("JPTO") in compliance with the Individual Practice Rules of District Judge Morrison, signed by counsel for each party, must be filed on ECF at least five (5) business days prior to this conference. If a motion for summary judgment is pending, the final pretrial conference will be cancelled and filing of the JPTO will be held in abeyance. THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court. (FTR Log #9:05-9:09 (Video).) (DF) (Entered: 12/16/2024) |
| 12/17/2024 | 40 | MOTION to Withdraw as Attorney *Christiana S. McSloy* by County of Suffolk, Suffolk County Police Department, Joseph Read, Joseph Aquilina, Jason Magurno. (Tauster, Callan) (Entered: 12/17/2024) |
| 12/18/2024 | | ORDER granting 40 Motion to Withdraw as Attorney. Pursuant to EDNY Local Rule 1.4, satisfactory reasons having been advanced, attorney Christiana Stover McSloy is hereby terminated as counsel of record in this action. Movant is advised to review the Individual Rules of the Hon. Nina R. Morrison as to the matters expressly referred to the Magistrate Judge for future applications. See NRM Individual Rule 3.1.9 (motions to be relieved or substituted as counsel). So Ordered by Magistrate Judge James M. Wicks on 12/18/2024. (Wicks, James) (Entered: 12/18/2024) |
| 01/14/2025 | | Case reassigned to Judge Sanket J. Bulsara. Judge Nina R. Morrison no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LF) (Entered: 01/14/2025) |
| 01/17/2025 | | ORDER: In light of the transfer of this case, if the parties proceed to dispositive motion practice or a joint proposed pretrial order, they must follow Judge Bulsara's Individual |

| | | |
|---|---|---|
| | | Practices and the Local Rules effective January 2, 2025. So Ordered by Judge Sanket J. Bulsara on 1/17/2025. (MPG) (Entered: 01/17/2025) |
| 02/07/2025 | 41 | MOTION for pre motion conference *letter motion on consent seeking briefing schedule for Defendants' anticipated Rule 56 motion* by County of Suffolk, Suffolk County Police Department, Joseph Read, Joseph Aquilina, Jason Magurno. (Tauster, Callan) (Entered: 02/07/2025) |
| 02/10/2025 | | ORDER: The Court adopts the parties' proposed briefing schedule 41 . Defendants are directed to serve their motion for summary judgment by **4/7/2025**; Plaintiff is directed serve her opposition by **5/23/2025**; and Defendants are directed to serve their reply by **6/20/2025**. The parties should serve the papers on each other by these deadlines, but only file them on the Court's docket on **6/20/2025** following service of all briefs. So Ordered by Judge Sanket J. Bulsara on 2/10/2025. (MPG) (Entered: 02/10/2025) |
| 02/21/2025 | | ORDER: In light of the Hon. Sanket J. Bulsara's Order dated February 10, 2025, outlining the briefing schedule for Defendants Motion for Summary Judgment, the Final Pretrial Conference scheduled for March 7, 2025 at 9:30 AM before the undersigned his hereby **adjourned *sine die***. So Ordered by Magistrate Judge James M. Wicks on 2/21/2025. (DF) (Entered: 02/21/2025) |
| 04/03/2025 | 42 | First MOTION for Extension of Time to File *serve dispositive motion* by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Tauster, Callan) (Entered: 04/03/2025) |
| 04/04/2025 | | ORDER: The motion for extension of time to file 42 is granted. The summary judgment briefing deadlines are extended as follows: Defendants are directed to serve their motion by **4/22/2025**; Plaintiff is directed to serve her opposition by **6/6/2025**; and Defendants are directed to serve their reply by **7/7/2025**. The parties must serve the papers on each other by these deadlines but only file them only the Court's docket on **7/7/2025**, following service of all briefs. So Ordered by Judge Sanket J. Bulsara on 4/4/2025. (MPG) (Entered: 04/04/2025) |
| 06/02/2025 | 43 | Letter MOTION for Extension of Time to File Response/Reply *Opposition to Defendants' Summary Judgment Motion, by Plaintiff, with Consent of Defendants* by Cindy M. O'Pharrow. (Brewington, Frederick) (Entered: 06/02/2025) |
| 06/03/2025 | | ORDER: The motion for extension of time to file response/reply 43 is granted. The deadline for Plaintiff to serve her opposition is extended to **7/7/2025**, and the deadline for Defendants to serve their reply and file the fully briefed motion is extended to **8/20/2025**. So Ordered by Judge Sanket J. Bulsara on 6/3/2025. (MPG) (Entered: 06/03/2025) |
| 07/07/2025 | 44 | Letter *, Regarding Service of Plaintiff's Opposition to Summary Judgment,* by Cindy M. O'Pharrow (Manuel, Albert) (Entered: 07/07/2025) |
| 08/13/2025 | 45 | First MOTION for Extension of Time to File *Reply* by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Tauster, Callan) (Entered: 08/13/2025) |
| 08/14/2025 | | ORDER: The motion for extension of time to file reply 45 is granted. Defendants are directed to serve their reply brief and file the fully briefed motion for summary judgment on **9/10/2025**. So Ordered by Judge Sanket J. Bulsara on 8/14/2025. (MPG) (Entered: 08/14/2025) |
| 09/08/2025 | 46 | Second MOTION for Extension of Time to File *Reply* by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Tauster, Callan) (Entered: 09/08/2025) |

| | | |
|---|---|---|
| 09/09/2025 | | ORDER: The motion for extension of time 46 is granted. Defendants are directed to serve their reply brief and file the fully briefed motion for summary judgment on **9/24/2025**. So Ordered by Judge Sanket J. Bulsara on 9/9/2025. (RB) (Entered: 09/09/2025) |
| 09/24/2025 | 47 | MOTION for Summary Judgment by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department. (Attachments: # 1 Notice of Motion, # 2 Memorandum in Support, # 3 Declaration, # 4 Rule 56.1 Statement, # 5 Exhibit A- Amended Complaint, # 6 Exhibit B- excerpt of Plaintiff deposition, # 7 Exhibit C- excerpt of 50-h, # 8 Exhibit D- excerpt of Magurno deposition, # 9 Exhibit E-excerpt of Aquilina deposition, # 10 Exhibit F- excerpt of Read deposition, # 11 Exhibit G- excerpt of Ridge deposition, # 12 Exhibit H- Wahib audio, # 13 Exhibit I- DiPino audio, # 14 Exhibit J- Henderson audio, # 15 Exhibit K- Jackson audio, # 16 Exhibit L- video, # 17 Declaration Plaintiff Declaration, # 18 Rule 56.1 Statement Counterstatement of Facts, # 19 Memorandum in Opposition, # 20 Exhibit A- video, # 21 Exhibit B- Magurno deposition, # 22 Exhibit C- Aquilina deposition, # 23 Exhibit D- Read deposition, # 24 Exhibit E- Plaintiff deposition, # 25 Exhibit F- Ridge deposition, # 26 Exhibit G- Policy Statement, # 27 Memorandum in Support Reply Memorandum of Law, # 28 Rule 56.1 Statement Response to Counterstatement of Facts) (Tauster, Callan) (Entered: 09/24/2025) |
| 09/24/2025 | 48 | NOTICE by Joseph Aquilina, County of Suffolk, Jason Magurno, Joseph Read, Suffolk County Police Department re 47 MOTION for Summary Judgment *Notice of Request to Submit Electronic Evidence* (Tauster, Callan) (Entered: 09/24/2025) |
| 09/25/2025 | | ORDER: Plaintiff's memorandum in opposition to summary judgment, 47 (*see* attachment 19), fails to comply with Local Rule 7.1, which requires a certificate of compliance with the word limits in either the Local Rules or Judge Bulsara's Individual Practices (Civil), and "must state the number of words in the document." *See* Local Civil Rule 7.1(c); Judge Bulsara's Individual Practices (Civil) at i, § VI(E). Plaintiff is directed to file the certificate by **10/03/2025**. So Ordered by Judge Sanket J. Bulsara on 9/25/2025. (RB) (Entered: 09/25/2025) |
| 09/25/2025 | 49 | CERTIFICATE of Counsel *Certificate of Compliance regarding Word Count of Plaintiff's Memorandum of Law in Opposition to Defendants' Summary Judgment Motion* by Cobia Malik Powell on behalf of Cindy M. O'Pharrow (Powell, Cobia) (Entered: 09/25/2025) |
| 07/06/2026 | 50 | ORDER: As explained in the attached, Defendants' motion for summary judgment 47 is granted on O'Pharrow's federal claims, which are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice. The Clerk of Court is directed to close this case. So Ordered by Judge Sanket J. Bulsara on 7/6/2026. (RB) (Entered: 07/06/2026) |
| 07/08/2026 | 51 | JUDGMENT: ORDERED AND ADJUDGED that Plaintiff take nothing of Defendants; that Defendants' motion for summary judgment is granted; and that this case is closed. Ordered by Clerk of Court on 7/8/2026. (GO) (Entered: 07/08/2026) |
| 07/29/2026 | 52 | NOTICE OF APPEAL as to 51 Judgment by Cindy M. O'Pharrow. Filing fee $ 605, receipt number ANYEDC-20477495. (Powell, Cobia) (Entered: 07/29/2026) |
| 07/29/2026 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 52 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (KS) (Entered: 07/29/2026) |

| PACER Service Center |
|---|
| **Transaction Receipt** |

| 09/14/2026 11:20:14 | | | |
|---|---|---|---|
| **PACER Login:** | cobiapowell | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-03773-SJB-JMW |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CINDY M. O'PHARROW,

Plaintiff,

v.

COUNTY OF SUFFOLK, et al.,

Defendants.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-3773-SJB-JMW

**BULSARA, United States District Judge:**

This case arises out of a June 2021 incident where police officers Joseph Read and Joseph Aquilina forcibly removed Cindy M. O'Pharrow from an ambulance when she sought to accompany an unrelated gunshot victim to the hospital. O'Pharrow has sued the two officers, the lieutenant on the scene, Jason Magurno, and Suffolk County for race discrimination, excessive force, due process and bodily integrity violations, failure to intervene, *Monell* liability, and various state law violations. Defendants seek summary judgment on all claims. For the reasons explained below, Defendants' motion is granted for O'Pharrow's federal claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

STANDARD FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas.*

*Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining whether summary judgment is appropriate, [the Court] must resolve all ambiguities and draw all reasonable inferences against the moving party." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways. Fed. R. Civ. P. 56(c)(1). It may cite to portions of the record "including depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials." *Id.* R. 56(c)(1)(A). Alternatively, it may show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* R. 56(c)(1)(B); *cf. Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988).

In moving for summary judgment or answering such a motion, litigants are required by the Local Rules to provide a statement (a Rule 56.1 statement) setting forth purported undisputed facts or, if controverting any fact, responding to each assertion. *See* Loc. Civ. R. 56.1(a)–(b). In both instances, the party must support its position by citing to admissible evidence from the record. *Id.* R. 56.1(d); *see also* Fed. R. Civ. P. 56(c) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to

hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

Where claims in opposing Rule 56.1 statements are "genuinely disputed," the Court will consider the evidentiary sources of the claims. *Halberg v. United Behav. Health*, 408 F. Supp. 3d 118, 146 (E.D.N.Y. 2019) (adopting report and recommendation). In evaluating the sources of claims made in dueling Rule 56.1 statements, the Court cannot—as is true for the summary judgment motion as a whole—weigh evidence or assess the credibility of witnesses. *See United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994). Furthermore, "[l]egal arguments are impermissible in any Rule 56.1 Statement and are to be disregarded." *Taveras v. HRV Mgmt., Inc.*, No. 17-CV-5211, 2020 WL 1501777, at *2 (E.D.N.Y. Mar. 24, 2020); *Lawrence v. Cont'l Cas. Co.*, No. 12-CV-412, 2013 WL 4458755, at *1 n.1 (E.D.N.Y. Aug. 16, 2013) ("Both parties have submitted Local Rule 56.1 statements and responses to each other's statements that mix factual assertions with legal argument and therefore fail to meet the requirements of Local Rule 56.1. The facts . . . are taken from those assertions contained in the Local Rule 56.1 statements that comply with Local Rule 56.1[.]" (citations omitted)). The court may not grant summary judgment based on a fact in a Rule 56.1 statement—even if undisputed—not supported by admissible evidence. *E.g.*, *Giannullo v. City of New York*, 322 F.3d 139, 142–43 (2d Cir. 2003) (vacating grant of summary judgment to defendants based on facts enumerated in Rule 56.1 statement supported only by arguments in briefs rather than admissible evidence). The Court must also disregard conclusory denials that lack citations to admissible evidence. *Rodriguez v. Schneider*, No. 95-CV-4083, 1999 WL 459813, at *1 n.3

(S.D.N.Y. June 29, 1999) ("*Rule 56.1 statements are not argument.* They should contain factual assertions, with citation to the record. They should not contain conclusions[.]"), *aff'd*, 56 F. App'x 27, 29 (2d Cir. 2003). Also, where the opposing party fails to specifically controvert a numbered paragraph in the Rule 56.1 statement, the statement by the moving party "will be deemed to be admitted." Loc. Civ. R. 56.1(c). The Court also does not give any consideration to hearsay, speculation, or inadmissible evidence in evaluating declarations or affidavits. *Pacenza v. IBM Corp.*, 363 F. App'x 128, 130 (2d Cir. 2010) ("[A] court is obliged not to consider inadmissible evidence at the summary judgment stage[.]"); *Crawford v. Dep't of Investigation*, No. 05-CV-5368, 2007 WL 2850512, at *2 (S.D.N.Y. Oct. 1, 2007) ("[A] non-moving party 'must set forth specific facts showing that there is a genuine issue for trial;' he or she 'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.'" (quoting *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005))), *aff'd*, 324 F. App'x 139, 143 (2d Cir. 2009).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 26, 2021, O'Pharrow attended a party at a friend's home in Dix Hills, New York. (Defs.' Rule 56.1 Statement ("Defs.' 56.1 Stmt."), Dkt. No. 47-4 ¶¶ 2, 63; Pl.'s Rule 56.1 Resp. ("Pl.'s 56.1 Resp."), Dkt. No. 47-18 ¶¶ 2, 63). At some point, O'Pharrow heard gunshots and saw someone fall to the ground. (*Id.* ¶¶ 5, 64; Defs.' 56.1 Stmt. ¶¶ 5, 64). She went to him to render aid, and, though she did not know him, she learned that his name was Justin. (*Id.* ¶¶ 6–7; Pl.'s 56.1 Resp. ¶¶ 6–7). Someone else called 911;

while waiting for emergency services, O'Pharrow spoke to Justin's mother via video to inform her that her son had been shot; Justin's mother purportedly asked O'Pharrow to stay with Justin. (*Id.* ¶¶ 9, 11–12; Defs.' 56.1 Stmt. ¶¶ 9, 11–12). A Dix Hills ambulance and Suffolk County Police officers then arrived. (*Id.* ¶ 9; Pl.'s 56.1 Resp. ¶ 9). EMTs tended to Justin and placed him on a stretcher to load into the ambulance; O'Pharrow walked alongside the stretcher and talked to Justin while EMTs prepared to transport him. (*Id.* ¶ 10; Defs.' 56.1 Stmt. ¶ 10). Justin was an adult at the time, though O'Pharrow testified that she did not know whether he was. (*Id.* ¶ 13; Pl.'s 56.1 Resp. ¶ 13). She also said Justin asked her not to leave him. (*Id.* ¶ 15; Defs.' 56.1 Stmt. ¶ 15).

O'Pharrow entered the ambulance with Justin and sat down; she believed she had a "right" to be there because she was rendering emotional support to Justin, and his mother had asked that she stay with him.[1] (*Id.* ¶¶ 17, 19, 74; Pl.'s 56.1 Resp. ¶¶ 17, 19, 74). She was in the ambulance for less than a minute before Officer Read told her to get out. (*Id.* ¶¶ 17–18, 75, 177; Defs.' 56.1 Stmt. ¶¶ 17–18, 75, 177). According to O'Pharrow, the officer "[t]old [her] to get the fuck out of the ambulance." (Pl.'s 56.1

---

[1] There are some disputes as to what exactly O'Pharrow told officers. O'Pharrow testified that she told officers she had no relationship to Justin, that she never told EMTs that she had an affiliation with EMS in New York City, and that she did not recall telling EMTs that Justin was a minor. (Defs.' 56.1 Stmt. ¶¶ 24–26; Pl.'s 56.1 Resp. ¶¶ 24–26). Aquilina testified that O'Pharrow identified herself as the aunt or some sort of guardian over Justin because his parents were not present. (Defs.' 56.1 Stmt. ¶ 129). O'Pharrow seems to later confirm that, (Pl.'s 56.1 Resp. ¶ 202), though her testimony is ambiguous. Another EMT testified that O'Pharrow had represented that she was an EMT. (Defs.' 56.1 Stmt. ¶ 247). Separately, the 56.1 statements contain a variety of disputes over whether O'Pharrow did in fact have a right to be in the ambulance as a guardian or companion to Justin, (*e.g.*, *id.* ¶¶ 220–21; Pl.'s 56.1 Resp. ¶¶ 220–21), but those assertions are legal conclusions inappropriate in 56.1 statements.

Resp. ¶ 17; Dep. of Cindy O'Pharrow ("O'Pharrow Dep."), attached to Pl.'s Opp'n as Ex. E, Dkt. No. 47-24 at 28:4-6). O'Pharrow testified that she asked why, and the officer replied "[b]ecause I fucking said so." (O'Pharrow Dep. at 28:7-10; Defs.' 56.1 Stmt. ¶ 18; Pl.'s 56.1 Resp. ¶ 18). She asked why again, and Officer Read told her it was because there was no room.[2] (Pl.'s 56.1 Resp. ¶ 18; Defs.' 56.1 Stmt. ¶ 18). According to O'Pharrow, she had no time to comply with the officer's order before he put "his hands on [her]." (*Id.* ¶ 27; Pl.'s 56.1 Resp. ¶ 27; O'Pharrow Dep. at 32:2-10). O'Pharrow testified that while she was seated in the ambulance, Officer Read pulled her to her feet by her left arm, and Officer Aquilina took her right arm. (Pl.'s 56.1 Resp. ¶¶ 30, 140, 180; Defs.' 56.1 Stmt. ¶¶ 30, 140, 180). The officers lifted her to carry her out of the ambulance, and O'Pharrow said her dress lifted up when they did so, exposing her. (*Id.* ¶ 33; Pl.'s 56.1 Resp. ¶ 33). There is a video of the incident—the parties agree it does not show what transpired inside the ambulance, but it does show a third party, Takel Jackson, yelling into the ambulance "get out so they can leave." (*Id.* ¶¶ 31–32, 274–75; Defs.' 56.1 Stmt. ¶¶ 31–32, 274–75). That is the only dialogue clearly audible in the video.

There are differing accounts about what transpired before O'Pharrow was taken from the ambulance. O'Pharrow testified that Read used profanity in yelling at her to get out of the ambulance. (Pl.'s 56.1 Resp. ¶ 18). Aquilina testified that he entered the

---

[2] O'Pharrow also testified that after the officer told her there was not enough room, "[h]e repeated louder, sterner, 'I told you to get the hell up,'" and "at the same time almost as he said that he reached for [her] arm and he yank[ed] [her]," and again said "I told you to get the fuck out of the ambulance." (Pl.'s 56.1 Resp. ¶ 38; 50-H Exam of Cindy O'Pharrow, attached to Defs.' Mot. as Ex. C, Dkt. No. 47-7 at 81:13-25).

ambulance in the first instance because O'Pharrow was agitated and making it difficult for the EMTs to do their job. (Defs.' 56.1 Stmt. ¶¶ 132, 138). And Aquilina testified that O'Pharrow refused verbal requests from officers, EMTs, and bystanders to exit the ambulance. (*Id.* ¶¶ 133–34).[3] Read testified that an EMT told him O'Pharrow could not ride in the ambulance with them but she refused to leave; he told O'Pharrow to exit the ambulance numerous times; and he did not "yank" her, but rather, she stood up, got in his face, and used profanity, telling him to back up.[4] (*Id.* ¶¶ 176–79). And Christian Ridge, one of the EMTs who responded to the scene, testified that O'Pharrow became irate once she was told by paramedic Scott DiPino she could not stay in the ambulance, and she was delaying their ability to transport their patient to the hospital. (*Id.* ¶¶ 212–13, 215).

Many of the facts of the interaction between O'Pharrow and the officers immediately after her removal from the ambulance are partially disputed, but largely immaterial. Defendants state the video footage depicts O'Pharrow re-approaching the officers, with one of them pushing her away from them, and her deposition testimony indicates she was asking them for their names and badge numbers—asking "[w]hat the hell is wrong with you" to which the officer responded, "[g]o fuck yourself." (Defs.'

[3] O'Pharrow does not directly contest that she refused to leave the ambulance—she merely claims she thought she had a right to be there or that the "requests" for her to exit consisted of an officer yelling at her, with profanity, to get out. (Pl.'s 56.1 Resp. ¶¶ 133–34).

[4] Again, O'Pharrow says she disputes that Read told her "numerous" times to leave the ambulance (and that she then got in his face), but her response is only that "[f]ollowing his demands, Def. Read then grabbed Plaintiff forcefully in order to remove her from the ambulance." (Pl.'s 56.1 Resp. ¶ 178).

56.1 Stmt. ¶¶ 34–35, 37, 196). O'Pharrow claims the video shows one of the officers did not immediately release his hold of her upon placing her on the ground, that the officer shoved her with both hands, and that she said something like "I will make sure that your bosses know about this." (Pl.'s 56.1 Resp. ¶¶ 34, 37). The parties agree that "[a]fter exchanging profanities with the . . . officer, [O'Pharrow] claims her friend, Scott Henderson[,] told her to come with him." (*Id.* ¶ 79; Defs.' 56.1 Stmt. ¶ 79).

Lieutenant Magurno was one of the police officers that responded to the scene, though he did not witness all the interactions with O'Pharrow. (*Id.* ¶¶ 102, 107; Pl.'s 56.1 Resp. ¶¶ 102, 107). He went over to the ambulance when he heard yelling and had an exchange with O'Pharrow, the exact nature of which is disputed. (*Id.* ¶ 110; Defs.' 56.1 Stmt. ¶ 110). O'Pharrow testified that she approached Magurno, asked him if he thought what occurred is okay and whether he was going to do something about it, and then told him she intended to call his boss, to which he responded with profanity. (*Id.* ¶¶ 45, 80; Pl.'s 56.1 Resp. ¶¶ 45, 80, 116). Magurno testified that he told the parties involved to get out of the street because police needed to set up a crime scene, but O'Pharrow refused; his account does not contain use of profanity. (Defs.' 56.1 Stmt. ¶¶ 111–14). He later tried to speak with O'Pharrow, but she refused. (*Id.* ¶ 46; Pl.'s 56.1 Resp. ¶ 46).

O'Pharrow was in pain, so an officer called for medical assistance, but she refused treatment because she did not feel comfortable in the second ambulance. (*Id.* ¶ 49; Defs.' 56.1 Stmt. ¶ 49). On June 27, 2021, O'Pharrow sought medical attention, was assessed with an x-ray and CAT scan, and diagnosed with a "partial tear in one of her

tendon ligaments" and a "ruptured bursa sac" in her shoulder. (*Id.* ¶ 52; Pl.'s 56.1 Resp. ¶ 52). She received treatment, including pain medication, injections, and physical therapy, before eventually having surgery in October 2022. (*Id.* ¶¶ 53–58; Defs.' 56.1 Stmt. ¶¶ 53–58). She now has either full or almost complete use of her shoulder. (*Id.* ¶ 62; Pl.'s 56.1 Resp. ¶ 62).

O'Pharrow initiated this case on June 27, 2022, (Compl., Dkt. No. 1), and the Amended Complaint was filed on April 3, 2023, (Am. Compl., Dkt. No. 21). It brings claims for: race discrimination under 42 U.S.C. § 1981, (*id.* ¶¶ 73–83); race discrimination under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, and Fourteenth Amendments, (*id.* ¶¶ 84–104); excessive force under § 1983, (*id.* ¶¶ 105–22); *Monell* liability, (*id.* ¶¶ 123–40); due process and bodily integrity under the Fifth and Fourteenth Amendments, (*id.* ¶¶ 141–48); failure to intervene under § 1983, (Am. Compl. ¶¶ 149–58); false arrest, (*id.* ¶¶ 159–62); negligence, (*id.* ¶¶ 163–68); assault and battery, (*id.* ¶¶ 169–79); and intentional infliction of emotional distress, (*id.* ¶¶ 180–85).[5]

Defendants' summary judgment motion was fully briefed on September 24, 2025. (Defs.' Mem. in Supp. of Summ. J. dated Apr. 22, 2025 ("Defs.' Mot."), Dkt. No. 47-2; Pl.'s Opp'n to Summ. J. dated July 7, 2025 ("Pl.'s Opp'n"), Dkt. No. 47-19; Defs.' Reply in Supp. of Summ. J. dated Sep. 24, 2025, Dkt. No. 47-27).

---

[5] O'Pharrow sued the officer Defendants in their individual and official capacities. (Am. Compl. at 1). In Parts I–III below, the Court addresses the claims against the officers in their individual capacities. Naming the officers in "their official capacities is redundant because [O'Pharrow has] already named the [County] as Defendant," *A.P. v. Dannhauser*, No. 25-1030, 2025 WL 3120444, at *1 (2d Cir. Nov. 7, 2025), and Suffolk County's *Monell* liability is addressed in Part IV.

DISCUSSION

**I. Race-Based Policing Claims**

The Court interprets the first two counts of O'Pharrow's Amended Complaint to state a claim of race discrimination under § 1981, the Fourteenth Amendment, and § 1983.[6] "It is well established that proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Therefore, a plaintiff pursuing a claimed violation of § 1981 or a denial of equal protection under § 1983 must show that the discrimination was intentional." *Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012) (quotations and citations omitted); *see also Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015) ("To state a discrimination claim under the Fourteenth

---

[6] Though the § 1981 claim was not initially pleaded through § 1983, (*see* Am. Compl. at 22), O'Pharrow acknowledges that it must be, and now states that her § 1981 claim is "subsumed" in her § 1983 claim. (Pl.'s Opp'n at 8). "[T]he Supreme Court [has] held that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'" *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). The Court may construe the § 1981 claim as pleaded through § 1983, and does so here. *E.g.*, *Oparaji v. Teachers' Ret. Sys. of City of New York*, No. 23-CV-5212, 2025 WL 1413912, at *5 (S.D.N.Y. May 15, 2025).

While the § 1983 claim lists several other constitutional amendments beyond the Fourteenth—the First, Fourth, and Fifth—it is unclear what relevance those have in her claim of unlawful treatment on the basis of race. (*See* Am. Compl. at 24). It does not appear that O'Pharrow alleges a distinct First Amendment violation, and she only mentions § 1981 and the Equal Protection Clause in the context of her race discrimination arguments in briefing. (Pl.'s Opp'n at 8). She also separately pleads a Fourth Amendment claim for excessive force, (Am. Compl. ¶ 117), which the Court addresses below. And O'Pharrow has abandoned any Fifth Amendment claim, having produced no response to Defendants' argument that such a claim is unavailable against the state actors here. (*See* Defs.' Mot. at 5).

Amendment Equal Protection Clause and/or § 1981, plaintiffs must sufficiently allege that defendants acted with discriminatory intent.").

Race discrimination claims based on circumstantial evidence are analyzed under the three-step *McDonnell Douglas* burden-shifting framework. *Johnson v. Schmid*, 750 F. App'x 12, 16 (2d Cir. 2018). It is the plaintiff's burden, at the first step, to make out a prima facie case, which must include "circumstances giving rise to an inference of race discrimination." *Id.* (quotation omitted). The requirement at the first step is "minimal" and the plaintiff's burden is "not onerous." *Id.* (quotation omitted). But a "naked allegation that the defendant acted based on the plaintiff's race and color" is insufficient to maintain a claim that requires discriminatory intent. *See Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015).

Defendants contend that there is no evidence in the record that could give rise to an inference of discrimination. (Defs.' Mot. at 13–15 (citing testimony by O'Pharrow and EMTs)). O'Pharrow's argument in response is an unsupported conclusory statement that "[t]he level of police aggression that [she] encountered, for attempting to render aid and emotional support in a tragic situation, clearly gives rise to an inference of discrimination." (Pl.'s Opp'n at 9). The only factual basis she identifies is testimony by Aquilina and Magurno that there is "no express policy or procedure" requiring her removal from the ambulance. (*Id.*). Nothing about that gives rise to an inference of discriminatory intent. In other words, merely because Defendants acted outside of policy—which itself O'Pharrow did not establish—does not mean Defendants must have acted with racial or discriminatory animus. *See Fu v. Consol. Edison Co. of N.Y.*,

*Inc.*, 855 F. App'x 787, 790 (2d Cir. 2021) ("She admitted in her deposition that her supervisors never made any statement regarding her race, and she did not present any evidence demonstrating a connection between her race and her termination."); *Montgomery v. N.Y.C. Transit Auth.*, 806 F. App'x 27, 31 (2d Cir. 2020) ("Montgomery failed to present any concrete evidence that she was discriminated against because of her gender or race."); *Henry v. County of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) ("While Henry has alleged that the County's . . . policies have a discriminatory purpose and effect, he has not pleaded any facts supporting an inference of discriminatory intent.").

Counts One and Two, O'Pharrow's claims for race-based policing, are dismissed.

**II. Failure to Intervene**

"A police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." *Lennox v. Miller*, 968 F.3d 150, 158 (2d Cir. 2020) (quotation omitted). "In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Id.* (quotation omitted).

O'Pharrow ostensibly asserts this claim against Read, Aquilina, and Magurno in the Amended Complaint, (Am. Compl. ¶¶ 150–52), but she only addresses Magurno in briefing, (Pl.'s Opp'n at 14–15).

As to Read and Aquilina, "[w]here an alleged use of excessive force is a single, indivisible assault, it makes little or no sense to say that the same defendant has both used excessive force and failed to intervene—or, to put it more generally, that a

defendant can be held liable for failing to intercede in and prevent an unlawful act in which she herself was the principal." *Walker v. City of New York*, 638 F. App'x 29, 32 (2d Cir. 2016). Read and Aquilina, who O'Pharrow alleges to have used excessive force, cannot be liable for failing to intervene against themselves.[7] O'Pharrow's failure to intervene claim is dismissed as to Read and Aquilina.

As for Magurno, there is no dispute that he "was not at the ambulance" at the time of the incident. (Pl.'s Opp'n at 14). O'Pharrow's only theory as to his liability is that he "had a duty to be knowledgeable of his officers['] behavior and intervene where that behavior unlawfully violated the constitutionally protected rights of citizens." (*Id.*). She attempts to place liability upon him for failing to be at the scene when he should have been. That is, as a matter of law, insufficient to maintain a failure to intervene claim, since he had no opportunity to intervene. *See Lennox*, 968 F.3d at 158 ("There is no dispute that at the time Officer Clarke used force against Lennox, Officer Miller was engaged in crowd control. Even assuming that Officer Miller observed Officer Clarke's use of force, there is no evidence in the record that would suggest he had a realistic opportunity to intervene that he then disregarded."); *Pierce v. City of New York*, 805 F. App'x 70, 72 (2d Cir. 2020) (affirming dismissal of failure to intervene claim, even where defendant was a superior officer, for lack of opportunity to intercede).

---

[7] Since the Court dismisses the underlying use of force claim on qualified immunity grounds, *see infra* p. 20, the failure to intervene claim would fail on the same grounds. *E.g.*, *Harig v. City of Buffalo*, No. 22-0030, 2023 WL 3579367, at *5 (2d Cir. May 22, 2023) ("Because Defendants were entitled to summary judgment on Harig's other claims on the basis of qualified immunity, Harig similarly cannot overcome the hurdle of qualified immunity on his failure to intervene claim." (quotation omitted)).

The failure to intervene claim, Count Six of the Amended Complaint, is dismissed.

**III. Excessive Force Claim**

"Claims that law enforcement officers used excessive force 'in the course of an arrest, investigatory stop, or other seizure of a free citizen' are 'analyzed under the Fourth Amendment and its reasonableness standard.'" *Mercedes v. City of New York*, No. 22-1776, 2023 WL 8594055, at *3 (2d Cir. Dec. 12, 2023) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "The test of reasonableness 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Matusak v. Daminski*, 165 F.4th 702, 713 (2d Cir. 2026) (quoting *Graham*, 490 U.S. at 396). "Reasonableness must be judged from the perspective of a reasonable officer on the scene, and accounts for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* (quotation omitted).

According to O'Pharrow's account, Officers Read and Aquilino[8] used "great force in yanking her from her seat by her arm while she was fully seated" in the rear of the ambulance, "and then lift[ed] her entire body by her arms and shoulders and

[8] As Defendants note, O'Pharrow never alleges any use of force by Magurno, (Defs.' Mot. at 9), and O'Pharrow does not refute the argument. Thus, any excessive force claim against Magurno is dismissed.

lower[ed] her from the ambulance to the ground." (Pl.'s Opp'n at 4). There is no suggestion that she was committing a crime, and the Court assumes, as O'Pharrow argues, that she posed no immediate threat to the officers and was not physically in the way of EMTs attempting to proffer care to Justin. (*Id.* at 22).[9] After she was removed from the ambulance—and confirmed by the video submitted to the Court—"O'Pharrow was then pushed when she tried to confront the officer that physically assaulted her and acquire his name and badge number." (*Id.* at 18).

**A. Qualified Immunity**

"Qualified immunity shields government officials from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Matusak*, 165 F.4th at 711 (quotation omitted). "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). To determine whether an official is entitled to qualified immunity, the court considers (1) "whether the facts that a plaintiff has shown make out a violation of a constitutional right," and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* (cleaned up). Courts may elect to address these elements in any order, *see Sacaza v. City of New York*, 169 F.4th 363, 370 (2d Cir.

[9] While O'Pharrow disputes that she was obstructing the ability of the EMTs to care for Justin, (Pl.'s 56.1 Resp. ¶ 228), she does not contest the core of Defendants' point here that "EMTs wanted to transport the victim to the hospital quickly, and [O'Pharrow] impeded their ability to leave in a timely manner." (Defs.' 56.1 Stmt. ¶ 228).

2026), and here the Court begins with the second—whether the right at issue was clearly established.

"A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. A right is not clearly established if existing precedent does not place the constitutional question beyond debate." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (quotation omitted). To identify a clearly established right, a court must generally[10] "identify a case where an officer acting under similar circumstances . . . was held to have violated the Constitution." *Id.* (quotation omitted). And that case must "define the right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* (quotation omitted). General principles, like "an officer may not use unreasonable and excessive force," are not specific enough. *Id.* (quotation omitted). "In short, officers receive qualified immunity unless they could have read the relevant precedent beforehand and known that it proscribed their specific conduct." *Id.* (quotation omitted).

Timing is also critical. Cases post-dating the events at issue cannot be used to determine that a right is clearly established. *Matusak*, 165 F.4th at 714–15. But the Court may consider cases published after the conduct at issue that address "whether a right

[10] In an "obvious case," the high-level "reasonableness" considerations the Supreme Court has discussed may, without identification of a particular case, "clearly establish" an excessive force violation. *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). But this is not an obvious case. *See id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 738 (2002)); *see also Matusak*, 165 F.4th at 713.

was clearly established by case authority *before* the time of such conduct." *Id.* at 715 (quotation omitted). The use of force at issue in this case occurred on June 27, 2021.

**i) Removal from Ambulance**

The primary "clearly established right" O'Pharrow identifies is "[t]he right to be free from arbitrary seizure, without probable cause or necessity." (Pl.'s Opp'n at 7). This Fourth Amendment principle is too generic to constitute a clearly established right for immunity purposes. *See Zorn*, 146 S. Ct. at 930. O'Pharrow also suggests that Defendants violated her "right to be free from the use of gratuitous force by police when she was not resisting and posed no safety threat" and that "[a] reasonable officer would have known that forcibly removing a peaceful, supportive companion from an ambulance violates [that] right." (Pl.'s Opp'n at 7). As to this right, there was no clearly established prohibition in place applicable to these circumstances.

The central decision O'Pharrow cites to show that right was clearly established is *Linton v. Zorn*, 135 F.4th 19 (2d Cir. 2025), *rev'd*, 146 S. Ct. 926 (2026), *and vacated and remanded*, No. 22-2954, 2026 WL 1615029 (2d Cir. June 2, 2026). (Pl.'s Opp'n at 22). There, plaintiff Linton participated in a sit-in protest, sitting with her arms linked to protesters next to her. *Linton*, 135 F.4th at 24. Law enforcement began to arrest demonstrators, and two officers approached Linton. *Id.* One claimed he asked Linton to stand, though she maintained she heard no command. *Id.* Within a few seconds, each officer took one of her arms, unlinked her from the demonstrators next to her, and one officer put her in a "rear wristlock" (a "pain compliance technique"). *Id.* at 24–25. Linton then did not stand up despite an officer's orders—she asserted she was in too

much pain from the wristlock, and that any active resistance the officer perceived was an involuntary reflex to the use of force. *Id.* at 25. Linton suffered permanent damage to her wrist and was diagnosed with post-traumatic stress disorder. *Linton*, 135 F.4th at 25. The Second Circuit "conclude[d] that *Amnesty America*[11] did clearly establish that the gratuitous use of pain compliance techniques—such as a rear-wristlock—on a protestor who is passively resisting arrest constitutes excessive force and is therefore violative of that arrestee's Fourth Amendment rights." *Id.* at 35. It found qualified immunity inappropriate and remanded for the jury to determine whether the officer unreasonably used excessive force. *Id.* at 39.

But there are several problems with O'Pharrow's reliance on *Linton*. Principally, the Supreme Court reversed it. *See Zorn*, 146 S. Ct. at 929. The Supreme Court emphasized that to find a right clearly established, a court generally must identify a case finding a violation under similar circumstances and defining the right with a "high degree of specificity." *Id.* at 930 (quotation omitted). And the Supreme Court found that the Second Circuit's decision did not comport with those dictates: *Amnesty America,* the case the Second Circuit relied on, addressed a wide range of excessive force allegations, many more severe than what Linton endured, and the *Amnesty America* Court did not determine whether any constitutional violations occurred, but merely remanded the issue for a jury to resolve. *Id.* The Second Circuit "failed to identify a case where an officer taking similar actions in similar circumstances was held to have violated the Constitution," since *Amnesty America* did not "obviously resolve whether

---

[11] *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113 (2d Cir. 2004).

using a rear wristlock to move a noncompliant protester after repeated warnings violate[d] the Fourth Amendment." *Id.* at 931 (quotations omitted).

Even if it was still good law, the Circuit's decision in *Linton* does not help O'Pharrow show a violation of a clearly established right. O'Pharrow must identify a case where a constitutional violation was found in similar circumstances to find that the right in question was clearly established. *Id.* at 930. And that violation must be of a right specifically defined: *every* reasonable officer must read the case to proscribe the conduct at issue. O'Pharrow has not identified such a case.

According to O'Pharrow's account, a police officer yelled at her to get out of an ambulance, but instead of immediately complying, she twice asked why, and then was yanked by the arms and moved so that the ambulance could take a gunshot victim to the hospital.[12] She says that removing a "peaceful, supportive companion from an ambulance" violates the clearly established "right to be free from the use of gratuitous force by police when [an individual] was not resisting and posed no safety threat." (Pl.'s Opp'n at 7). None of the excessive force cases identified by her—and none the Court could find in its own inquiry—come remotely close to this context, one involving warnings, a time-sensitive medical emergency, and "gratuitous force." The closest case

[12] The disputes O'Pharrow raises do not bear on this conclusion. She contends she was not given time to comply with the officer's order before force was used, (Defs.' 56.1 Stmt. ¶ 27; Pl.'s 56.1 Resp. ¶ 27), but there is no dispute that instead of immediately complying, she repeatedly asked the officer why she was being told to exit the ambulance, (*id.* ¶ 18; Defs.' 56.1 Stmt. ¶ 18), while "time was of the essence," (Pl.'s Opp'n at 10). And, fully crediting her claim that Read "yanked" her arm and that the officers took her out of the ambulance with her feet lifted off the ground, (*id.*), the conduct here still does not approach what the Second Circuit has considered excessive force.

O'Pharrow identifies is *Frost v. New York City Police Department*, (Pl.'s Opp'n at 6), which concluded "it was clearly established at the time of the incident that an officer could not strike an individual who was compliant and did not pose an imminent risk of harm to others." 980 F.3d 231, 255 (2d Cir. 2020). But the conduct there consisted of corrections officers taking an incarcerated individual to the ground, kicking him in the ribs, and dragging him by his leg shackles, after he had stated that he should spit in an officer's face. *Id.* at 252–53. *Frost* also did not find any constitutional violation, but merely found summary judgment inappropriate in light of disputed facts. *Id.* at 255.

Because O'Pharrow has not identified "a case where an officer taking similar actions in similar circumstances was held to have violated the Constitution," and this Court cannot identify any either, Defendants are entitled to qualified immunity. *Zorn*, 146 S. Ct. at 931.

**ii) Post-Removal Push**

The above analysis applies equally to O'Pharrow's excessive force claim with respect to the push after her removal from the ambulance and while she was attempting to confront Read. O'Pharrow does not discuss the shove in her qualified immunity argument. She does not identify any authority concluding that an officer violates the Constitution when he pushes away an individual who is confronting him inches from

his face, and the Court, having canvassed relevant authority, is unable to find one, and so Read is entitled to qualified immunity.[13]

With respect to both allegations of excessive force, having found that the right at issue was not clearly established, Defendants are entitled to qualified immunity,[14] and

[13] Having reviewed the video, which shows O'Pharrow approaching Read, getting very close to him—and in her own words, "confront[ing]" him, (Pl.'s Opp'n at 18)—before he pushes her away, the Court also concludes that no reasonable factfinder could find that the force was excessive, *see Frost*, 980 F.3d at 256 ("[A]lthough perhaps the struggle between Frost and the officers could have been gentler, the video footage does not suggest that the officers' actions could reasonably be viewed as excessive.").

[14] To the extent O'Pharrow brings this claim under the Fourteenth Amendment, (Am. Compl. ¶¶ 141–48); *see Eaton v. Estabrook*, 144 F.4th 80, 91 (2d Cir. 2025) ("The right not to be subject to excessive force, perhaps most commonly associated with the Fourth and Eighth Amendments, can also arise under the Fourteenth." (quotation omitted)), the standard is similar to the Fourth Amendment, *see id.* ("The test for determining if force is unconstitutionally excessive under the Fourteenth Amendment is whether the force purposely or knowingly used against the plaintiff was objectively unreasonable. Thus, force is excessive if it is not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." (quotations omitted)).

In *Eaton*, the Second Circuit applied *Amnesty America* and its progeny to conclude that it was clearly established that an officer:

> would not have license to yank up a protestor by her bra strap, drive her backward several feet, and throw her down on the ground, while responding to a call for officer assistance where she was not actively resisting police commands; where it is unclear whether he had any basis to think he needed to get past her to reach officers in danger; where he had not given her a warning nor asked her to step aside first; where there may have been other less drastic means available to accomplish moving past her, such as stepping around her or simply pushing past her in a less forceful manner; and where she sustained serious head and neck injuries.

*Id.* at 96. But *Eaton* did not decide that the use of force in that case had been clearly established as constitutionally excessive—it left unresolved factual matters to be decided by the jury in the first instance. *Id.* at 97. As explained above, a case in that posture is insufficient to constitute a clearly established precedent. *Zorn*, 146 S. Ct. at 931. Defendants would be equally entitled to qualified immunity on O'Pharrow's Fourteenth Amendment claim.

the Court does not resolve whether there was in fact a constitutional violation when the officers removed O'Pharrow from the ambulance.[15] Counts Three and Five of the Amended Complaint are dismissed.

**B. *Monell* Liability**

Municipalities do not enjoy qualified immunity. *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014). So, the Court separately evaluates whether, assuming O'Pharrow could establish a constitutional deprivation, she could maintain that claim against Suffolk County.

A municipality may be held liable under § 1983 if the deprivation of the plaintiff's constitutional rights "is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020). A plaintiff may establish the existence of a municipal policy giving rise to *Monell* liability in different ways, including:

> (1) a formal policy endorsed by the municipality . . .; (2) actions directed by the government's authorized decisionmakers or those who establish governmental policy . . .; (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware . . .; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees.

[15] Whether O'Pharrow's removal from the ambulance could constitute excessive force is a closer question—but one the Court need not resolve here, since in any event, immunity would attach.

*Deferio v. City of Syracuse*, 770 F. App'x 587, 589–90 (2d Cir. 2019) (quotations and citations omitted). "[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones*, 691 F.3d at 81. Such isolated acts could justify municipal liability if they "were done pursuant to municipal policy," if they "were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware," or if "a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Id.* Or, "[a] plaintiff alleging that she has been injured by the actions of a low-level municipal employee can establish municipal liability by showing that a policymaking official ordered or ratified the employee's actions—either expressly or tacitly." *Id.*

The table of statistics O'Pharrow included in the Amended Complaint appears to detail the rate of substantiated, unsubstantiated, unfounded, and exonerated outcomes for complaints filed with the Internal Affairs Bureau in Suffolk County between 2016 and 2020. (Am. Compl. ¶ 128). But the Amended Complaint provides no context or information for the numbers—it is unclear where the underlying data comes from, and what portion, if any, of the referenced complaints pertain to excessive force.

O'Pharrow argues that Read has been the subject of one excessive force lawsuit filed in 2015[16] and civilian complaints when he worked in New York City—and these

[16] Read was found not liable at trial. (Defs.' 56.1 Stmt. ¶ 163; Pl.'s 56.1 Resp. ¶ 163).

two bases put the County on notice of repeated unlawful behavior. (Pl.'s Opp'n at 18–19). She also asserts that Magurno's failure to discipline Read, either at the time or afterward, and Magurno's further use of profanity, also evidence a practice of the County. (*Id.* at 19).

This is insufficient evidence to maintain a *Monell* claim under a constructive notice or persistent and widespread practice theory. The evidence she put forward—one prior lawsuit, an unknown number of civilian complaints from another jurisdiction, and a lieutenant (that did not witness the event) not disciplining the officer that used force—is not sufficient to survive summary judgment, even if each instance in fact constitutes some misconduct or violation. *E.g.*, *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (holding that four examples of prior similar misconduct "falls far short of establishing a practice that is so persistent or widespread as to justify the imposition of municipal liability" (quotation omitted)); *Hu v. City of New York*, 927 F.3d 81, 106 (2d Cir. 2019) (identifying four prior instances of misconduct was insufficient to suggest a widespread, persistent pattern); *Jones*, 691 F.3d at 85 (three prior incidents insufficient).

O'Pharrow's *Monell* claim, Count Four, is dismissed.

**IV. State Law Claims**

Having dismissed all of O'Pharrow's federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims for false arrest, negligence,

assault, battery, and intentional or negligent infliction of emotional distress.[17] *See Est. of Devine*, 676 F. App'x 61, 64 (2d Cir. 2017) (affirming district court's decision to decline to exercise supplemental jurisdiction over state law claims after dismissing § 1983 excessive force claim on qualified immunity grounds); *Ross v. Corr. Officers John & Jane Does 1-5*, 610 F. App'x 75, 78 (2d Cir. 2015) ("Because we hold that Mullings is entitled to qualified immunity on Ross's federal claims, we also direct dismissal of the supplemental state law claims, pursuant to 28 U.S.C. § 1367(c)(3)."). Balancing the "traditional values of judicial economy, convenience, fairness, and comity," this is "the usual case in which all federal-law claims are eliminated before trial," and in which the balance of factors "point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quotations omitted). The Court "can discern no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court where they will be afforded a surer-footed reading of applicable law"—particularly with respect to New York's separate qualified immunity doctrine. *Id.* at 123 (quotation omitted). O'Pharrow's state law claims are dismissed without prejudice.

<u>CONCLUSION</u>

For the reasons stated above, O'Pharrow's federal claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the state law

---

[17] O'Pharrow withdrew her claims for infliction of emotional distress in her summary judgment opposition. (Pl.'s Opp'n at 11). In light of the Court's decision not to exercise supplemental jurisdiction over the state law claims, the dismissal of the claims for emotional distress is without prejudice.

Case: 26-2098, 09/14/2026, DktEntry: 18.1, Page 46 of 47

claims, which are dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

*<u>/s/ Sanket J. Bulsara</u>*
SANKET J. BULSARA
United States District Judge

Date: July 6, 2026
Central Islip, New York

# ADDENDUM B

**List of Issues to be Raised on Appeal and Applicable Standard of Review**

(1) **Issues on appeal-** Whether the district court properly dismissed Plaintiff's claims on summary judgement?

(2) **Applicable Standard of Review**- *De novo*